STATE ex rel. HENRY KUHLMAN, Defendant in Error, v. HARRY POUCHER, Plaintiff in Error.

St. Louis Court of Appeals, February 3, 1903.

1. Cities, Towns and Villages: CHARTER OF THE CITY OF LOUISIANA: CONSTRUCTION OF CHARTER: CLERK OF CITY COUNCIL. Under section 5, article 2,· of the charter of the city of Louisiana, the city council has conferred upon it the exclusive right to appoint its own clerk.

2. ———: ———: ———: CONSTRUCTION OF CITY CHARTER. There is no connection between the first clause of section 9, article 4, of the charter of the city of Louisiana, declaring that there shall be a clerk of the city council, etc., and the second clause of the section providing that other officers, servants and agents may be provided for by ordinance; and it is only the officers, servants and agents provided for by ordinance that the section declares shall be appointed by the mayor.

Error from Pike Circuit Court.—*Hon. David H. Eby, Judge.*

AFFIRMED.

*James W. Reynolds* for plaintiff in error.

(1)   There can be no controversy as to the legality of Poucher's title to the office up to the passage of the ordinance attempting to appoint Kuhlman, as the judgment of the court recites his legal appointment March 12, 1900, and his commission running till his successor should be elected and qualified. Sec. 5, art. 14, Constitution of Missouri. Besides, relator must recover on the strength of his own title and not on the weakness of Poucher's title to the office. 17 Am. and Eng. Ency. of Pleading and Practice, pp. 463 and 471; State ex rel. v. Berkley, 140 Mo. 184; State ex rel. v. Kempf, 46 Mo. 528; High on Extraordinary Legal Remedies (2 Ed.), sec. 630.   (2)   The mayor is a part of the city council. Sec. 6, art. 5 of City Charter. Dreyfus v. Lonergan, 73 Mo. App. 336; Saxton v. St. Joe, 60 Mo. 153; Saxton v. Breech, 50 Mo. 488.   (3) These provisions of the charter when taken together constitute the grant of power and the mode of its exercise in selecting this officer. When the mode in which the power of a city upon any given subject can be exercised is prescribed by the charter, that mode must be followed. The mode in such cases constitutes the measure of the city's power, and aside from the mode designated there is a want of all power. 15 Am. and Eng. Ency. Law (1 Ed.), p. 1042; Dillon on Mun. Corp. (3 Ed.), sec. 207; Ex parte Joffee v. St. Joe, 46 Mo. App. 360; Sec. 9, art. 14, Constitution of Mo. (4)   The fact that the ordinance was signed by the mayor does not constitute acquiescence in the same nor a waiver of the right to make the appointment as prescribed by charter. Section 21 of article 7 (Session Acts 1870, p. 400), makes it the duty of the mayor to sign all ordinances and this court has held that he has no discretion in the matter. Dreyfus v. Lonergan, 173 Mo. App. 336.

*Robt. A. May* for defendant in error.

(1)   The allegations of the information are sufficient *a fortiori,* after judgment.   State ex rel. v. Boal, 46 Mo. 528.   The right as between individuals, to the possession of an office, may be decided in this proceeding.   State ex rel. v. Vail, 53 Mo. 110; State ex rel. v. Townsley, 56 Mo. 107; State ex rel. v. Meek, 129 Mo. 431.   (2)   This is a proceeding by the State through the prosecuting attorney of Pike county at the relation of Henry Kuhlman, by way of information in the nature of a quo warranto, and was filed by leave of court.   No exceptions having been saved, nothing but the record proper can be before this court for consideration.   Greene Co. ex rel. v. Wilhite, 35 Mo. App. 39. (3)   It is not a question as to the legality of the appointment of plaintiff in error March 12, 1900, but the primary and fundamental question is, whether or not the petition of relator states facts sufficient to constitute a cause of action, i. e., whether or not under the allegations of the petition plaintiff in error was legally entitled to hold the office after May 7, 1901.   State ex rel. v. Rose, 84 Mo. 198.   (4)   This question is settled by determining whether or not relator Kuhlman was legally appointed.   If Kuhlman was legally appointed his right to the office at once became absolute, and from that time plaintiff in error held the office illegally.   Hunter v. Chandler, 45 Mo. 457.

BLAND, P. J.—The city of Louisiana in Pike county, Missouri, was incorporated by an act of the Legislature passed in 1870.   In March, 1900, plaintiff in error was nominated by the mayor of the city to be clerk of the city council and his appointment was duly confirmed by the council.   In March, 1901, a new council was elected and the mayor again nominated plaintiff in error to be clerk of the city council, but the council refused to approve the nomination and on April

1, 1901, passed an ordinance (No. 1647) the first section of which reads as follows:

"That Henry Kuhlman be and he is hereby appointed clerk of the city council for a term of one year, and until his successor is duly appointed and qualified."

The ordinance was duly approved by the mayor on the day of its passage. After its passage, Henry Kuhlman, defendant in error, qualified by giving bond and taking the oath of office and then demanded of Harry Poucher, plaintiff in error, the books and papers pertaining to the office. The latter refused to give up the books and papers of the office or to surrender the office to Kuhlman, whereupon John W. Jump, prosecuting attorney of Pike county, at the relation of Kuhlman, commenced proceedings by quo warranto to oust Poucher from the office of clerk of the city council.

The issues were made up by the alternative writ and return thereto. The parties appeared in the circuit court of Pike county and a hearing was had which resulted in a judgment of ouster against Poucher. He took the necessary steps to preserve his exceptions and sued out a writ of error from this court and the case is here on a a return to that writ.

The correctness of the judgment of the circuit court depends upon the construction of section 5, article 2, and of sections 6 and 9, article 4, of the city charter.

Section 5, article 2, is as follows:

"The council may appoint a clerk and such other officers, servants and agents as they shall deem necessary in the transaction of their business."

Sections 6 and 9, article 4, are as follows:

"Section 6. The mayor shall act as president of the city council and he shall have power to nominate and by and with the consent of the city council to appoint all city officers not ordered by this act to be otherwise appointed. . . . The mayor while presiding in the city council, shall have no vote on any

measure or question except there be a tie, in which case he shall give the casting vote.

"Section 9. There shall be a clerk of the city council (who shall perform the duties of register, and such other duties as the city council shall direct), a city treasurer, city marshal, city attorney, and city engineer, who in addition to the duties prescribed by this act, shall perform such other duties as may be prescribed by ordinance; there shall be also such other officers, servants and agents of the corporation, as may be provided by ordinance, to be appointed by the mayor, by and with the consent of the city council, and to perform such duties as may be prescribed by ordinance, and such officers shall be removable at the pleasure of the city council by a majority of at least two-thirds of the city council."

The contention of plaintiff in error is that section 9, article 4, of the charter, confers on the mayor the power to appoint the clerk of the city council and that this appointing power is re-enforced by section 6, of the same article. There is no connection between the first clause of section 9, article 4, declaring that "There shall be a clerk of the city council," etc., and the second clause of the section providing that other officers, servants and agents may be provided for by ordinance, and it is only the officers, agents and servants provided for by ordinance that the section declares shall be appointed by the mayor. Section 6 of the article is general in its scope and confers on the mayor power to appoint all officers not otherwise ordered by the charter to be appointed.

Section 5, article 2, expressly confers on the city council authority to appoint a clerk and such other officers, etc., as they shall deem necessary in the transaction of their business. The contention of plaintiff in error is that this section does not have reference to the clerk of the council provided for in section 9,

article 4, but to an emergency clerk to do special work and to serve for a limited time. Section 9 says there shall be a clerk of the city council. Section 5, article 2, declares that the council may appoint a clerk.

The clerk provided for in section 9, and the one the council is authorized to appoint by section 5, is a clerk of the city council, and both sections mean one and the same officer. If this is not so, then the council may have two clerks, one appointed by the mayor under section 9, and another appointed by the council under section 5 without the consent of the mayor. It was not intended that this conflict of authority to appoint a clerk of the council should exist, and it is our duty to so construe the charter as to harmonize its provisions in this respect. The construction we have given to these sections brings about this harmony and prevents any conflict of authority between the mayor and the city council to appoint a clerk of the council. We think this construction is clearly admissible and is in harmony with the reading of the sections and will effectuate the intention of the Legislature. The clerk of the council being its officer, subject to its orders and required to keep minutes of its proceedings, it is highly important that he should be selected by that body, and we think the Legislature, by section 5, article 2 of the charter, has conferred upon it the exclusive right to appoint its own clerk.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.